UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KENNETH W. VARIAN,

       Plaintiff,    06 Civ. ( )

-against-

              COMPLAINT

VILLAGE OF TUCKAHOE, New York,
MICHAEL MARTINO, TONY SAYEGH,    '06 CIV 00760
LUIGI MARCOCCIA, STEVE ECKLOND,   Jury Trial Demanded
and MARIA McHUGH,

       Defendants.

------------------------------------------------------------x

  Plaintiff KENNETH W. VARIAN, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

## NATURE OF THE ACTION

1. This an action for compensatory and liquidated damages proximately resulting from action taken by the Defendants in violation of Plaintiff's rights as guaranteed by the Age Discrimination in Employment Act.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff's state law claim is brought pursuant to the Court's supplemental jurisdiction, 28 U.S.C. §1367. With respect to Plaintiff's ADEA claim, on February 23, 2005, he duly filed a Charge of Discrimination with the EEOC (Charge No. 160-2005-01295) which filing resulted in the issuance on November 15, 2005, of a Notice of Right to Sue.

1

## THE PARTIES

3. Plaintiff KENNETH W. VARIAN is a fifty-three year old citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a Sergeant in the Village of Tuckahoe, New York, Police Department.

4. Defendant VILLAGE OF TUCKAHOE, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of said State.

5. Defendants MICHAEL MARTINO (hereinafter "Martino"), TONY SAYEGH (hereinafter "Sayegh"), LUIGI MARCOCCIA (hereinafter "Marcoccia"), STEVE ECKLOND (hereinafter "Ecklond") and MARIA McHUGH (hereinafter "McHugh"), each of whom is sued only in their individual capacities, at all times relevant to this complaint were duly elected members of the Village's Board of Trustees. As such they are each sued as aiders and abettors of age discrimination in violation of Section 296 *et. seq* of the New York State Executive Law.

## THE FACTS

6. In or about October 2004 Plaintiff took a civil service examination for promotion to the rank of "Lieutenant", and received a score of "92" as a result of which he placed first on the subsequently prepared certified eligible list for Lieutenant.

7. In connection with Martino, Sayegh, Marcoccia, Ecklond, and McHugh's subsequent consideration of candidates for promotion to that rank, the Village's Chief of

Police recommended that Plaintiff be appointed Lieutenant by reason of his being the best qualified.

8. In fact at the time of the Chief's said recommendation, Plaintiff was the best qualified candidate for promotion to the rank of Lieutenant by reason of his seniority, experience, supervisory skills, and *inter alia* his superlative record as established during his long tenure as a member of the Village's Police Department.

9. On or about February 10, 2005, Defendants skipped Plaintiff for promotion (on the premise that "He has been around too long") and instead appointed Raffaele Stabile, then thirty-three years of age, to the rank of Lieutenant. At the time of Stabile's said promotion he was, in all respects, less qualified to hold the rank of Lieutenant than Plaintiff.

10. As a proximate result of Defendant's intentional, age discriminatory conduct Plaintiff has suffered: out-of-pocket losses including salary, retirement contributions and social security contributions; public embarrassment; public humiliation; anxiety; emotional upset; public ridicule; shame; impairment of his professional career; and *inter alia* otherwise has been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE VILLAGE

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Under the premises the Village intentionally violated Plaintiff's rights as guaranteed by the Age Discrimination in Employment Act.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Under the premises the Village and the individually named Defendants (as aiders and abettors) violated Plaintiff's rights as guaranteed him by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE judgment is respectfully demanded:

a. On the First Claim awarding compensatory damages, liquidated damages, reasonable attorney's fees and costs,

b. On the Second Claim awarding compensatory damages and costs, and,

c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       January 28, 2006

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401